IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES J. CHAMBERS,**

      **Petitioner,**

v.                                  Civil Action No.: 3:20-CV-124
                                             (GROH)

**WARDEN F. J. BOWERS,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 13, 2020, Petitioner, an inmate at Morgantown FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence. ECF No. 1.[1] On July 28, 2020, the filing fee which Petitioner paid in another case, 1:20-CV-112, was applied to this action. ECF No. 5.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:20-CV-124 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Northern District of West Virginia[2]

On October 3, 2018, an indictment was returned in this district, case number 5:18-CR-43, which charged Petitioner in Count 1 with conspiracy to possess with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and in Count 5 with distribution of a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 1. Pursuant to a written plea agreement, Petitioner entered a guilty plea on February 21, 2019, to Count 5 of the indictment and agreed to be sentenced to not more than 20 years in prison. ECF Nos. 45 at 1, 46. On July 24, 2019[3], Petitioner was sentenced to 33 months, followed by three years of supervised release. ECF No. 63 at 2 – 3. The judgment order further specified that the 33-month sentence was "to be served concurrently with the sentence imposed in Monroe County, Ohio, Court of Common Pleas, Docket Number 2018-326." Id. at 2.

### B. Instant Petition for Habeas Corpus Under § 2241

On July 13, 2020, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court. ECF No. 1. Petitioner claims that: (1) the Bureau of Prisons unlawfully failed to give him all the credit for time served which was reflected in the district court's judgment; (2) his federal offense occurred before his

---

[2] Throughout section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 5:18-CR-43 in this district. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Judgment was imposed by the District Court on July 24, 2019, but not signed or filed with the Clerk until July 25, 2019.

state offense; (3) that his state charge was referred to as the "same case" as his federal charge; and (4) this Court has the authority to grant him credit denied by the BOP. ECF No. 1 at 5 – 6. Petitioner asks this Court to grant him credit for 261 days of time he spent in state custody or 201 days in federal custody, consistent with the judgment entered July 25, 2019. Id. at 1, 9.

On September 2, 2020, Respondent filed a motion to dismiss, or in the alternative for summary judgment, along with exhibits. ECF Nos. 11, 11-1 through 11-4. Therein, Respondent argues that Petitioner is not entitled to credit for time spent in state custody prior to imposition of his federal sentence on July 24, 2019. ECF No. 11-1 at 2, 4. Further, Respondent argues that Petitioner did receive concurrent credit for 82 days toward both his state sentence and federal sentence following the imposition of sentence in federal court. Id. at 3, 5 - 6. Finally, Respondent argues that Petitioner is not entitled to credit for any time that Petitioner was in federal custody pursuant to a writ. Id. at 2, 8 - 9.

Petitioner filed a response on September 14, 2020 which again requested that he be granted credit for 261 days of credit for time served from November 5, 2018, through July 24, 2019. ECF No. 14.

On November 30, 2020, Petitioner filed a motion for judicial notice, asking this Court to take notice of rulings by Judge Bailey in 5:18-CR-43. ECF No. 15.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged

with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

---
[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519,

520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943,

952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must

present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.     ANALYSIS

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement.  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  Id. at 333.  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the defendant was arrested; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In Wilson, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*."  It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the

9

>sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

Wilson, supra, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner seeks credit for the time he spent in state custody in Ohio, before he was released to commence his federal sentence in this District. Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and that BOP should have followed the directive of the judge who imposed his federal sentence. Petitioner appears to have filed at least one grievance[5] on this claim, which ultimately was denied by the Mid-Atlantic Regional Director. ECF No. 1-3.

Attached to Respondent's motion to dismiss or for summary judgment is a declaration and associated exhibits provided by a Bureau of Prisons Management Analyst, Edith Rohmer, who is employed at the Designation and Sentence Computation Center (DSCC). ECF No. 11-2. Ms. Rohmer declared that:

(1) Following Petitioner's August 15, 2018, arrest for aggravated trafficking in drugs, in Monroe County, Ohio, Common Plea Court case number 2018-326, he was sentenced to 18 months of imprisonment on November 5, 2018, and received 82 days of prior custody credit from August 15, 2018, through November 4, 2018 [ECF Nos. 11-2 at 2, 11-3 at 5];

(2) Petitioner was temporarily removed from state custody by the U.S. Marshals Service (USMS) on a writ of habeas corpus ad prosequendum to answer the charges in 5:18-CR-43, and summarized his sentencing date and terms [ECF No. 11-2 at 2 – 3];

---

[5] Petitioner attached a copy of the denial of his administrative remedy appeal, number 1012696-R1, dated May 25, 2020, signed by the Regional Director of the Mid-Atlantic Region. ECF No. 1-3. That denial stated, "Your federal sentence began on July 24, 2019, the date it was imposed. Pursuant to Title 18, U.S.C. § 3585(a) your sentence could not begin prior to the date it was imposed." Id. at 1.

(3) Petitioner was returned to state custody to complete his state sentence with a federal detainer lodged against him on July 30, 2019 [ECF Nos. 11-2 at 3, 11-3];

(4) The BOP designated the Ohio Department of Rehabilitation and Corrections as the facility for Petitioner to serve his federal sentence, pursuant to 18 U.S.C. § 3621(b) [ECF Nos. 11-2 at 3, 11-4]; and

(5) Petitioner completed his state sentence on February 13, 2020, and was taken into exclusive federal custody [ECF Nos. 11-2 at 3, 11-3 at 21].

Petitioner's service of his state sentence in Ohio prior to imposition of his federal sentence prohibited him from receiving credit for simultaneous custody. Consistent with 18 U.S.C. § 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."

Any concurrency ordered by the district court was not eligible to commence until July 24, 2019. Petitioner's federal sentence was imposed July 24, 2019. 5:18-CR-43, ECF No. 63. It is impossible for Petitioner to receive credit toward his federal sentence before that sentence was imposed. Accordingly, regardless of the directive of the district court, Petitioner could not receive federal custody credit before July 24, 2019.

Pursuant to 18 U.S.C.A. § 3621(b):

> **The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to** bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, **recommendations of the sentencing court,** and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

11

(Emphasis added). Respondent provided the Court with a document from the Designation and Sentence Computation Center that shows Petitioner was designated to the Ohio Department of Corrections to commence his sentence of 33 months, as of July 24, 2019, the date Petitioner was sentenced in the Northern District of West Virginia. ECF No. 11-4 at 2 – 3. Accordingly, BOP, in its designation letter appropriately determined the location where Petitioner would start his sentence and verified the date the sentence commenced, consistent with 18 U.S.C. §§ 3585(b) and § 3621(b). Consistent with § 3585, Petitioner was not eligible to obtain credit for time served prior to imposition of his federal sentence, because he was already receiving credit for that time toward his state sentence.

Although Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence, and refuses to grant him credit for time served in state custody, it is clear from 18 U.S.C. §§ 3585, 3621 and 3632 and the holding of <u>Wilson</u>, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from <u>Wilson</u> and other holdings that this Court may not usurp the Bureau of Prisons' authority. Additionally, the Bureau of Prisons did grant Petitioner concurrency of his state and federal sentences starting on the date Petitioner was sentenced, July 24, 2019. Thus, Petitioner has received all custody credit to which he was entitled, and his request for relief is without merit.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by

the Bureau of Prisons, and this Court is unable to provide the relief requested.  It is further **RECOMMENDED** that Respondent's motion to dismiss or for summary judgment [ECF No. 11] be **GRANTED**.  Finally, it is **RECOMMENDED** that Petitioner's motion [ECF No. 15] for judicial notice be **TERMINATED** as moot.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court

for the Northern District of West Virginia.

DATED: May 18, 2021

                                            /s/ *Robert W. Trumble*
                                            ROBERT W. TRUMBLE
                                            UNITED STATES MAGISTRATE JUDGE